Thomas J. Ryan, J.
Defendant moves for an order pursuant to CPLR 3024 requesting the plaintiff make a more definite statement in the complaint herein and further that under CPLR 3014 plaintiff is required to separately state and number causes of action.
Specifically, Northern Financial Corp., assignee of the assets of Buffalo Ornamental Iron Works, Inc., the codefendant herein, alleges in its moving papers that with regard to paragraphs 3, 4 and 5 of the complaint herein, plaintiff be required to set forth the separate parcel of real property to which the allegation or allegations pertain. It should be noted that it is undisputed that plaintiff brings this proceeding pursuant to article 3-A of the Lien Law of the State of New York, under the provisions of which he seeks an accounting of funds turned over to Northern Financial Corp.
Paragraph 3 of the complaint alleges generally that between certain dates plaintiff corporation supplied to the defendant Buffalo Ornamental Iron Works, Inc., steel to be used by that corporation in the construction and improvement of real property and alleges that there remains due and owing to it the sum of $39,812.91 for said steel.
Paragraph 4 is an allegation on information and belief which states that merely a class of other suppliers for the year prior to the commencement of the action had sold to the said Buffalo Ornamental Iron Works materials used in the construction or improvement of real property for which these suppliers have not been paid.
*1087 In the fifth paragraph, an allegation again made on information and belief, it is stated that the Buffalo Ornamental Iron Works used the materials furnished by the plaintiff and the other suppliers in the improvement of real property, as a result of which the corporation generated cash and accounts receivable.
The defendant assignee, in making this motion, alleges it is unable to frame a response because pursuant to subdivision 2 of section 70 of the Lien Law of the State of New York, the funds received by a contractor and the rights of action with respect thereto are in connection with each contract or subcontract and each constitutes a separate trust with different and separate classes of trust beneficiaries for each such trust and, for this reason, plaintiff is required to state each parcel of real property separately for which he is the materialman.
It is certainly well established at this point in time that pleading a cause has been much liberalized by New York’s Civil Practice Law and Rules. In CPLR 103 (subd. [b]) for example, we are confronted with the imperative language that a civil proceeding shall not be dismissed solely because it is not brought in proper form and that the court shall make whatever order is required for the continuous prosecution of a case, this for the reason that we must always try not to subject parties and also this State to additional costs arising from initiation of a completely new action and, where possible, we should use all possible remedies available to prevent the unnecessary bringing of new actions.
The court also notes that CPLR 3014 does not authorize an order to state in separately numbered paragraphs, so the court is considering this a motion under CPLR 3024 (subd. [a]).
It is the opinion of the court that in paragraph “ Third ” of the complaint plaintiff states a single cause of action for the cost of the goods sold and delivered to the defendant for use in the construction and improvement of real property and that while it is a general allegation it successfully makes a cause of action under the provisions of subdivision 2 of section 70 of the Lien Law of the State of New York.
The thrust of defendant’s motion, as stated in the last paragraph of his motion papers, would seem to be that he wishes the court to require the plaintiff to set forth each separate parcel of real property for which plaintiff allegedly is a materialman. This certainly would seem to be information that could be obtained in a bill of particulars or any other of the existing pretrial devices now available to amplify pleadings.
Motion denied.